IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOE TURNEY,

    Plaintiff,                   No. CIV S-02-1235 DFL GGH P

  vs.

ANNE PALMER, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' summary judgment motion filed March 24, 2005. For the following reasons, the court recommends that defendants' motion be granted.

        This action is proceeding on the amended complaint filed February 20, 2003. The defendants are Warden Ramirez-Palmer, Chief Medical Officer Andreason and Dr. Athanassious. Plaintiff alleges that he received inadequate medical care in violation of the Eighth Amendment when defendants delayed in providing him with hernia surgery.[1]

---

[1] Plaintiff also argued that he had a constitutional right to compel defendants to send him for outside treatment because an earlier procedure went poorly. This claim has been dismissed. See March 10, 2004, findings and recommendations; May 7, 2004, order by district court.

1

1  In the pending motion, defendants argue that they did not act with deliberate
2  indifference to plaintiff's medical needs. See Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970
3  (1994) (to succeed on Eighth Amendment claim based on inadequate medical care, prisoner must
4  demonstrate that prison officials acted with deliberate indifference to his serious medical needs).
5  Defendants observe that plaintiff repeatedly refused a surgical consult for his hernia. When
6  plaintiff finally consented to the surgical consult, defendants argue that his other medical
7  problems caused the surgery to be delayed. Defendants argue that when it was determined that
8  surgery was appropriate, plaintiff was sent to Queen of the Valley hospital where the surgery was
9  performed. In support of their motion, defendants submitted the declarations of defendants, 46
10 pages from plaintiff's medical records and copies of administrative appeals filed by plaintiff
11 regarding this matter.

12  On April 18, 2005, plaintiff filed an opposition to defendants' summary judgment
13 motion. Plaintiff argued that the motion should be denied as untimely. Plaintiff did not address
14 the merits of defendants' motion. On May 13, 2005, the court issued an order stating that
15 defendants' motion was timely filed. The court granted plaintiff thirty days to file an opposition
16 addressing the merits of defendants' motion.

17  On May 25, 2005, plaintiff filed a one and one-half page opposition which
18 consists of the following argument:

> 1. The factual medical issues giving rise to the Civil cause of action are genuinely safeguarded by the Fourteenth Amendment.
>
> 2. This Hon. Court's records exhibits the poorly operation Dr. Athanassious performed constituted Mal-Practice into deliberate difference removing the tumor inside (CMF) and thereafter, another hernia return in plaintiff stomach by the size of a football. It's obvious, why Plaintiff asks for the outside.
>
> 3. Plaintiff further asserts if there was ever a case of urgency exists? It's in his case. Plaintiff stomach has growing so big, the skin around Plaintiff naval was busting loose in his stomach.
>
> The Civil Rights of Institutionalized Persons Act hereinafter "CRIPA" give this honorable court the power and authority under CRIPA. Allows the court to order some professional help outside medical specialist consultation.

1  Therefore, the true facts in this case is a matter of the courts records. It's
2  defendants attorney that's filing meritless motions trying to get plaintiff's complaint dismiss.

3  Plaintiff attaches no evidence to his opposition. Nor does the opposition refer the
4  court to any specific evidence in the record.

5  Summary judgment is appropriate when it is demonstrated that there exists "no
6  genuine issue as to any material fact and that the moving party is entitled to a judgment as a
7  matter of law." Fed. R. Civ. P. 56(c).

8  Under summary judgment practice, the moving party
9  always bears the initial responsibility of informing the district court
   of the basis for its motion, and identifying those portions of "the
10 pleadings, depositions, answers to interrogatories, and admissions
   on file, together with the affidavits, if any," which it believes
11 demonstrate the absence of a genuine issue of material fact.

12 Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ.
13 P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive
14 issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings,
15 depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment
16 should be entered, after adequate time for discovery and upon motion, against a party who fails to
17 make a showing sufficient to establish the existence of an element essential to that party's case,
18 and on which that party will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552.
19 "[A] complete failure of proof concerning an essential element of the nonmoving party's case
20 necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment
21 should be granted, "so long as whatever is before the district court demonstrates that the standard
22 for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at
23 2553.
24 /////
25 /////
26 /////

3

1         If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

        Pursuant to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998)(en banc) and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), on April 30, 2003, the court issued an order specifically advising plaintiff of his duties in opposing summary judgment motions. The court told plaintiff how he could show proof of his claims. For example, plaintiff could rely on affidavits or declarations setting forth the facts that plaintiff believed prove his claims. April 30, 2003, order, p. 4.

        By failing to put forward any evidence plaintiff has not met his burden in opposing defendants' summary judgment motion. In effect, plaintiff is tasking the court with being his advocate. Plaintiff expects the court to go through the record, including the large number of exhibits submitted by defendants, to determine if there is any merit to his case.

/////
/////
/////

1   The Ninth Circuit has stated that pro se litigants must follow the same rules of
2 procedure that govern other litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (waiver
3 of originally pled but omitted causes of action in amended complaint).  As a general rule, the
4 judge does not have to scour the record in efforts to find evidence which might defeat summary
5 judgment, i.e., the litigant must supply the needed evidence within the motion or opposition.  See
6 Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1030 (9th Cir. 2001) (stating the
7 rule for represented parties: "Other circuits are not unanimous, but Forsberg is both binding on us
8 and consistent with the majority view that the district court may limit its review to the documents
9 submitted for the purposes of summary judgment and those parts of the record specifically
10 referenced therein); but see Jones v. Blanas, 393 F.3d 918, 922-923 (2004) ("[b]ecause Jones is
11 pro se, we must consider as evidence in his opposition to summary judgment all of Jones
12 contentions offered in motions and pleadings [signed under penalty of perjury].")

13   The undersigned will follow established law, and not interject himself into the
14 lawsuit as an advocate for the pro se plaintiff, be that advocacy on procedural or substantive
15 grounds.  Because plaintiff has not submitted any admissible evidence in his opposition to
16 defendants' summary judgment motion, and because he must follow the same rules as
17 represented parties, defendants' motion should be granted.

18   Accordingly, IT IS HEREBY RECOMMENDED that defendants' summary
19 judgment motion filed March 24, 2005, be granted.

20   These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
22 days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
25 shall be served and filed within ten days after service of the objections.  The parties are advised
26 \\\\\

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:   10/13/05

5                                               /s/ Gregory G. Hollows
6                                               _____
                                                GREGORY G. HOLLOWS
                                                UNITED STATES MAGISTRATE JUDGE

8  ggh:kj
   tur1235.sj